**SAI DI ZHENG, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

No. 08–0587–ag.

United States Court of Appeals, Second Circuit.

Aug. 18, 2009.

John Chang, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Susan K. Houser, Senior Litigation Counsel; Monica G. Antoun, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Sai Di Zheng, a native and citizen of the People's Republic of China, seeks review of a January 23, 2008 order of the BIA denying his motion to reopen. *In re Sai Di Zheng,* No. A076 506 206 (B.I.A. Jan. 23, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir. 2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Zheng's untimely motion to reopen.

Zheng argues that the BIA erred in concluding that he failed to demonstrate either material changed country conditions sufficient to excuse the time and number limitations applicable to motions to reopen or his *prima facie* eligibility for relief. However, these arguments fail where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish mate-

702

rial changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Contrary to Zheng's argument, nothing in the record compels us to conclude that the BIA ignored any of the evidence he submitted. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 337 n. 17 (2d Cir.2006) (This Court "presume[s] that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise.").

Finally, Zheng's argument that he was eligible to file a successive asylum application based on changed personal circumstances is foreclosed by our decision in *Yuen Jin v. Mukasey,* 538 F.3d 143, 156, 158–59 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).